## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

**CANDY WILSON,**

      **Plaintiff,**

**v.**

**THE ALAMOSA SCHOOL DISTRICT, a political subdivision, and
HENRY HERRERA, individually,**

      **Defendants.**

---

### COMPLAINT AND JURY DEMAND

---

Plaintiff, Candy Wilson, through her counsel, the law firm of Benezra & Culver,
L.L.C., for her Complaint and Jury Demand, alleges the following:

### I. INTRODUCTION

1.    Candy Wilson is a long-term, outstanding employee of the Alamosa
School District (the "District") who commenced her employment in August 1984. During
her employment, Ms. Wilson was promoted from the position of Teacher, to Interim
Assistant Principal, to Athletic Director at the Ortega Middle School to Associate
Principal at the Alamosa High School. In 2004, Ms. Wilson accepted a promotion to the
position of Principal at Polston Elementary School. In March 2004, Ms. Wilson
disclosed to Alamosa School District Superintendent Henry Herrera that she was
experiencing anxiety attacks and that she wished to remain working as Associate
Principal. In response, Defendants removed Ms. Wilson from her Associate Principal
position and demoted her to the position of Teacher. Defendants' conduct was based

upon their perception that Ms. Wilson was disabled, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and the Equal Protection Clause of the United States Constitution.

## II. JURISDICTION AND VENUE

2.     Jurisdiction in this Court is conferred pursuant to the ADA, 42 U.S.C. § 12101, et seq., 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. §§ 1983 and 1988.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the unlawful employment practices alleged herein were committed within the State of Colorado.

## III. PARTIES

4.     Plaintiff Candy Wilson currently resides in Alamosa County, Colorado. Ms. Wilson is currently employed by the Defendant Alamosa School District.

5.     Defendant Alamosa School District is a public school district established pursuant to the Constitution of the State of Colorado, Article 9, § 2.  The Alamosa School District is a party to this lawsuit pursuant to C.R.S. § 22-32-101.

6.     Defendant Henry Herrera is the Superintendent of the Alamosa School District.  At all relevant times, Defendant Herrera resided in Alamosa County, Colorado.

## IV. GENERAL ALLEGATIONS

7.     Plaintiff Wilson commenced her employment with the District in August 1984.  During her employment, Ms. Wilson received consistently outstanding performance evaluations and was repeatedly promoted.  During the school years 1999-April 2004, Ms. Wilson held the position of Associate Principal at the Alamosa High School.

2

8.     In 2004, Ms. Wilson sought the position of Principal at the Polston Primary School in the Alamosa School District. Ms. Wilson obtained that position.

9.     On March 18, 2004, Ms. Wilson informed Superintendent Henry Herrera that she was experiencing anxiety attacks, that she had sought medical treatment, that she believed her anxiety was related to her decision to accept the Principal position, and that she was having second thoughts about accepting that position. In response, Defendant Herrera informed Ms. Wilson that he would give Ms. Wilson some time to think about it and that Ms. Wilson could change her mind if she wanted with no negative consequences. Defendant Herrera asked Ms. Wilson to get back to him prior to the next board meeting on April 6, 2004.

10.     On April 2, 2004, Ms. Wilson informed Defendant Herrera that she had made a final decision to remain at the High School and to not accept the position at Polston Primary.

11.     On April 6, 2004, Defendant Herrera told Ms. Wilson that he required a letter from Ms. Wilson stating that she was no longer interested in the Principal position at Polston Primary and that she wished to continue in the Associate Principal position. Ms. Wilson promptly delivered such a letter to Defendant Herrera on April 6, 2004.

12.     On the evening of April 6, 2004, Defendant Herrera summoned Ms. Wilson to a meeting in his office. Herrera informed Ms. Wilson that the School Board had accepted her letter, but that Ms. Wilson would not be allowed to return as the Associate Principal at the High School the following year. Defendant Herrera told Ms. Wilson that she would not be allowed back at the High School for the remainder of

3

the school year.   Defendant Herrera urged Ms. Wilson to "**go out with dignity**." Defendant Herrera then placed Ms. Wilson on involuntary sick leave.

13.     On April 7, 2004, Defendant Herrera sent Ms. Wilson a letter informing her that her request to remain in her current position as Associate Principal at Alamosa High School was denied.   Defendant Herrera wrote that he was "**concerned about [Ms. Wilson's] health and in particular the anxiety attacks [she] had been experiencing**."

14.     On April 12, 2004, Ms. Wilson began working at the Central Administrative Office as an Assistant to the Superintendent.

15.     On April 13, 2004, Defendant Herrera summoned Ms. Wilson to a meeting in his office.   Defendant Herrera informed Ms. Wilson that she was prohibited from entering any school building for the remainder of her administrative contract, that she was prohibited from having any contact with the staff, students, and parents during the work day, that she was prohibited from attending school related activities, including graduation, and that she would be reassigned to the classroom at the conclusion of her administrative contract.   Defendant Herrera also informed Ms. Wilson that "**the Board did not have confidence in [Ms. Wilson] anymore**," that Ms. Wilson "**had no credibility with staff district-wide**," that he intended to transfer Ms. Wilson into a classroom during the next year teaching 7th grade math, although he "**didn't know if the middle school would accept [Ms. Wilson] or how they would treat [Ms. Wilson]**."   Defendant Herrera also informed Ms. Wilson that if she "**stepped in any school building in this district**," he would have her "**handcuffed and arrested**." Defendant Herrera also told Ms. Wilson that she would be required to work at home for

the remainder of the year. When Ms. Wilson asked Defendant Herrera why he was doing this to her, Defendant Herrera responded by telling her, **"Candy, I don't want you to have a nervous breakdown."** Ms. Wilson responded, **"I'm not going to because I'm not sick."**

16.    On April 13, 2004, Defendant Herrera met with members of the Alamosa High School faculty and staff to inform them that Ms. Wilson had been having health issues; that it was his responsibility **"to look out for her welfare;"** that **"her health was too fragile"** for her to finish out the remainder of the year; that he did not want Ms. Wilson to have to deal with stressful discipline issues or appraisals of personnel; that he **"questioned her ability to make good decisions with discipline and appraisals;"** that there had been other administrators that had suffered from anxiety attacks from being at the High School; and that it was best, in his opinion, that Ms. Wilson be reassigned to his office as an Assistant to the Superintendent for the rest of the school year.

17.    On June 1, 2004, Defendant Herrera sent Ms. Wilson a letter advising her that her teaching assignment for the 2004-2005 school year would be as a 6th grade science teacher at the Ortega Middle School.

18.    Ms. Wilson has worked at the Ortega Middle School as a Teacher continuously since her demotion.

## V.  CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Disability Discrimination in Violation of the ADA
### (Against The District)

19.    Plaintiff hereby incorporates paragraphs 1 through 18 above as though fully alleged herein.

20.    Plaintiff Wilson filed a timely charge of disability discrimination with the Equal Employment Opportunity Commission ("EEOC").

21.    Plaintiff Wilson was disabled in that she was perceived at all relevant times by the Defendants to suffer from disabilities, including mental impairments, which Defendants believed substantially limited her major life activities, including the major life activity of work, thinking, interacting with staff, faculty and students, and other activities.

22.    At all relevant times, Defendants believed that Plaintiff Wilson was disabled and/or treated Ms. Wilson as if she were disabled.

23.    At all relevant times, Plaintiff Wilson was a qualified individual who was capable of performing the essential functions of her job.

24.    Defendants knowingly and willfully engaged in illegal employment practices and policies which discriminated against Plaintiff Wilson based upon her perceived disability by removing Ms. Wilson from her position as Associate Principal and demoting her to the position of Teacher and by otherwise affecting her career, reputation, and status within the Alamosa School District.

25.    Defendants' actions are willful and wanton and in reckless disregard of Plaintiff Wilson's rights and feelings.

26.    As a result of Defendants' conduct, Plaintiff Wilson has suffered lost wages and benefits, compensatory damages, and has incurred attorney fees and costs.

## SECOND CLAIM FOR RELIEF
### Denial of Equal Protection under the Law Pursuant to 42 U.S.C. § 1983
### (Against All Defendants)

27.    Plaintiff hereby incorporates paragraphs 1 through 26 above as though fully alleged herein.

28.    Plaintiff Wilson is a member of a protected class pursuant to the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

29.    Defendants denied Plaintiff Wilson her constitutionally-protected rights under Colorado state law when they acted intentionally and recklessly to deny her equal protection under the law based upon Plaintiff Wilson's perceived disability by removing her from her position as Associate Principal, by banning her from the Alamosa High School, and by demoting her to the position of Teacher.

30.    Defendants' discrimination against Plaintiff Wilson was not necessary to further a compelling government interest or rationally related to a legitimate government interest.

31.    The aforementioned conduct represented the official custom, policy or practice of the Defendant District.

32.    Defendant Herrera's conduct violated the clearly established rights of Ms. Wilson, of which reasonable persons in Defendant Herrera's position should have known.

33.    Defendants' conduct was engaged in maliciously or with reckless or callous indifference to Plaintiff Wilson's protected rights, as well as to her rights and feelings.

34.    As a result of Defendants' misconduct, Plaintiff Wilson has suffered damages, including lost back- and front-pay, lost benefits, emotional distress damages, compensatory damages, punitive damages, and attorney fees and costs.

WHEREFORE, Plaintiff Candy Wilson respectfully requests that this Court enter judgment in her favor and against Defendants and award her the following:

(a)    back-pay and benefits on all claims;

(b)    reinstatement to the Associate Principal position or, in the alternative, front-pay and benefits;

(c)    compensatory damages, including those for emotional suffering;

(d)    attorney fees and costs as allowed by law;

(e)    equitable relief as allowed by law;

(f)    injunctive relief, including prospective injunctive relief as allowed by law;

(g)    pre- and post-judgment interest at the highest lawful rate;

(h)    punitive damages against Defendant Herrera under 42 U.S.C. § 1983, but not pursuant to her claim for intentional interference with contract or intentional infliction of emotional distress; and

(i)    such further relief as justice requires.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 3rd day of April, 2006.

**BENEZRA & CULVER, L.L.C.**

**s/ Seth J. Benezra**

Seth J. Benezra, Esq.
John A. Culver, Esq.
Dean H. Harris, Esq.
141 Union Blvd., #260
Lakewood, CO  80228
303/716-0254

Plaintiff's Address:
5889 Aspen Avenue
Alamosa, CO  81101