**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 06-cv-00607-WDM-CBS

CANDY WILSON,

Plaintiff,

v.

THE ALAMOSA SCHOOL DISTRICT, a political subdivision, and
HENRY HERRERA, individually,

Defendants.

_____

**STIPULATED PROTECTIVE ORDER**
_____

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced in response to requests for production, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in FED. R. CIV. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests relating to financial, employment, business or medical information of current or former employees or agents of the Alamosa School District, as well as business information about Defendant Alamosa School District. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including the Plaintiff and Defendants and Defendant Alamosa School District's Board of Education;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. At the conclusion of this case, including any appeals, each document and all copies thereof which have been designated as CONFIDENTIAL shall be shall be destroyed or preserved by counsel in a manner which is fully consistent with the terms of this Protective Order. At the end of the litigation, including any appeals, counsel will not be required to return the material to the producing party. Notwithstanding this requirement, pursuant to the requirements of its malpractice insurance policy, counsel for Plaintiff agrees to maintain all documents designated as CONFIDENTIAL under seal for three years following the resolution of this litigation, including any appeals, at which time all such documents designated as CONFIDENTIAL and stored under seal, including any copies thereof, regardless of form, will be destroyed, unless litigation has ensued regarding the matter, in which case the documents may be retained until such litigation, including any appeals, has concluded.

10. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

**BY THE COURT:**

s/ Craig B. Shaffer

Craig B. Shaffer
U.S. District Court Judge or Magistrate Judge

**SO STIPULATED:**

---

Seth J. Benezra
John A. Culver
Benezra & Culver, L.L.C.
141 Union Blvd., #260
Lakewood, CO  80228
303-716-0254
303-716-0327 fax
sjbenezra@bc-law.com
jaculver@bc-law.com
*Attorneys for Plaintiff*

---

Patrick B. Mooney
Matt Ratterman
Semple, Miller, Mooney & Farrington, P.C.
1120 Lincoln St., #1308
Denver, CO  80203
303-595-0941
303-861-9608 fax
pmooney@smmpc.com
mratterman@smmpc.com
*Attorneys for Defendants*