IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-00607-WDM-CBS

CANDY WILSON,

      Plaintiff,

v.

THE ALAMOSA SCHOOL DISTRICT, a political subdivision, and HENRY HERRERA, individually,

      Defendants.

---

## NOTICE AND ORDER REGARDING STIPULATED DISMISSAL

Miller, J.

      This matter is before me on a stipulation and a motion for dismissal with prejudice filed by Plaintiff Candy Wilson and Defendants the Alamosa School District ("District") and Henry Herrera ("Herrera").

      Plaintiff seeks to dismiss her only claim against Herrera.  I construe this as a notice of dismissal pursuant to Fed. R. Civ. P. 41(a)(1), and accordingly take judicial notice that the complaint is dismissed with prejudice as to Herrera, with each party to pay her or his own attorneys' fees and costs.

      The motion, however, also seeks to dismiss Plaintiff's claim for denial of equal protection against the District, while maintaining her claim for violation of the Americans with Disabilities Act.  This cannot properly be construed as a motion to voluntarily dismiss pursuant to Fed R. Civ. P. 41(a)(2).  Rule 41 applies only to situations where a plaintiff wishes to dismiss an entire action.  Fed. R. Civ. P. 41; *see also Gobbo Farms &*

*Orchards v. Poole Chem. Co.*, 81 F.3d 122, 123 (10th Cir. 1996) ("[Rule 41] speaks to dismissal of an action, not just a claim within an action."); *Ethridge v. Harbor House Rest.*, 861 F.3d 1389, 1392 (9th Cir. 1988) ("[P]laintiff may not use Rule 41(a)(1)(i) to dismiss, unilaterally, a single claim from a multi-claim complaint."). Instead, "[rule] 15(a) is the appropriate mechanism '[w]here a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants.'" *Ethridge*, 861 F.3d at 1392 (quoting 5 J. Moore, J. Lucas & J. Wicker, *Moore's Federal Practice* ¶ 41.06-1, at 41-83 to -84 (1987)).

Therefore, I construe the second part of the parties' stipulated motion as a request for leave to further amend the Amended Complaint pursuant to Rule 15(a). Accordingly, the motion is granted and Plaintiff will be allowed to file, no later than December 11, 2006, a second amended complaint removing her equal protection claim.

DATED at Denver, Colorado, on December 1, 2006.

BY THE COURT:

s/ Walker D. Miller
United States District Judge

2